IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: HOSPITAL PARTNERS OF AMERICA., et al., | : | Bankruptcy Case No. 08-12180-BLS |
| Debtor, | : | BAP 13-71 |
| | : | |
| _____ | : | |
| ANDRE J. HOWARD | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil No. 13-1363-LPS |
| | : | |
| TRUSTEE ALFRED THOMAS GIULIANO, | : | |
| | : | |
| Appellee. | : | |

## MEMORANDUM ORDER

At Wilmington this 27th day of August, 2013, having considered Appellant's petition for mandamus relief (D.I. 6);

IT IS HEREBY ORDERED that:

1.     **Background**. Appellant, who proceeds pro se, filed this bankruptcy appeal without prepayment of the filing fee or an application to proceed without prepayment of fees. After Appellant filed his appeal, he was advised by the United States Bankruptcy Court for the District of Delaware ("bankruptcy court") to pay the filing fee by no later than July 25, 2013. *See In Re: Hospital Partners of America, Inc. a Delaware Corp.,* Case No. 08-12180-BLS (Bankr. D. Del.) at D.I. 873, 984. He did not. On August 19, 2013, this Court entered an order for Appellant to pay the $298 filing fee, payable to the bankruptcy court, or to submit a complete application to proceed without prepayment of fees within thirty days from the date of the Order. (*See* D.I. 5) On the same day, Appellant filed a pleading stating that, pursuant to 28 U.S.C.

1

§ 1916 and Sup. Ct. R. 40, as a veteran, he is exempt from payment of fees or court costs. (*See* D.I. 6) He states that the bankruptcy court erred when it failed to comply with 28 U.S.C. § 1916 and Rule 40. Appellant seeks mandamus relief to proceed without payment of fees or court costs.

      2.      **Writ of Mandamus**. Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). To be eligible for mandamus relief, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381. Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

      3.      **Rule 40**. The Supreme Court of the United States has established a procedure for veterans "suing under any provision of law exempting veterans from the payment of fees or court costs" to proceed in that court without "prepayment of fees or costs." Sup. Ct. R. 40(1). When seeking to file a petition for a writ of certiorari or other substantive document, the veteran is required to file a motion for leave to proceed as a veteran and an affidavit establishing his veteran status. *See id.* Other courts have generally waived filing fees for veterans in employment discrimination suits under 38 U.S.C. § 4323(h)(1) and its predecessors. *See Davis v. Advocate Health Ctr. Patient Care Exp.*, 523 F.3d 681, 684 (7th Cir. 2008).

Here, however, Appellant does not seek a writ of certiorari before the United States Supreme Court. Nor did he file a motion for leave to proceed as a veteran or provide an affidavit

establishing his veteran status. Nor does Appellant assert an employment discrimination claim.[1]

Rather, he appeals a ruling by the bankruptcy court. Hence, Rule 40 does not afford Appellant a

clear and indisputable right to the relief he seeks.

4.      **28 U.S.C. § 1916**. Appellant also relies upon § 1916, which provides that, "[i]n

all courts of the United States, seamen may institute and prosecute suits and appeals in their own

names and for their own benefit for wages or salvage or the enforcement of laws enacted for their

health or safety without prepaying fees or costs or furnishing security therefor." The instant case,

however, is a bankruptcy appeal and, thus, does fall within the purview of § 1916. *See e.g.*,

*Borselli v. U.S. Lines Co.*, 74 F. Supp. 822, 823 (D.C.N.Y. 1947). Nor is it clear from the record

whether Appellant holds the status of a seaman.

5.      In light of the foregoing, the Court finds that Appellant has not shown grounds for

mandamus relief. Accordingly, within THIRTY (30) DAYS from the date of this Order,

Appellant SHALL PAY the $298 filing fee, payable to the United States Bankruptcy Court for

the District of Delaware (Office of Clerk, U.S. Bankruptcy Court, 824 Market Street,

Wilmington, DE 19801), OR submit a complete application to proceed without prepayment of

fees (AO Form 239 to the United States District Court (Office of Clerk, 844 N. King Street,

---

[1]Appellant sought reestablishment as a claimant in the bankruptcy case based upon a wrongful termination/injury lawsuit he had filed, *Howard v. Hospital Partners*, Civ. No. 08-2694 (S.D. Tx.) at D.I. 1, removed from state court to federal court. The complaint states that Appellant was in the Navy off the coast of Vietnam from 1971 through 1975. The case was administratively closed on November 18, 2008 (*id.* at D.I. 9) as a result of the debtors' filing the bankruptcy case. Appellant filed a motion to reinstate, denied by the Texas District Court on December 4, 2008. (*Id.* at D.I. 10, 11) Appellant appealed to the United States Court of Appeals for the Fifth Circuit, which denied the appeal as untimely on March 11, 2009. (*Id.* at D.I. 17) On May 10, 2011, the Texas District Court denied a motion to sever and motion to lift the stay. (*Id.* at D.I. 25)

Wilmington, DE, 19801). Appellant's failure to comply with this Order may result in the

dismissal of this appeal without prejudice.

_____
UNITED STATES DISTRICT JUDGE